## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION,
P.O. Box 34553
Washington, D.C. 20043,

*Plaintiff*,

vs.

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Washington, DC 20530

FEDERAL BUREAU OF INVESTIGATION
935 Pennsylvania Avenue, NW
Washington, DC 20535

*Defendants*.

Case No. 25-cv-3755

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Democracy Forward Foundation ("DFF") brings this action against Defendants U.S. Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff alleges as follows:

### Jurisdiction and Venue

1.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.     Venue is proper under 28 U.S.C. § 1391(e), as Defendants' headquarters are located in Washington, D.C., within this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## Parties

3.      Plaintiff DFF is a not-for-profit organization incorporated under the laws of the District of Columbia and based in Washington, D.C. Plaintiff works to promote transparency and accountability in government, in part, by educating the public on government actions and policies.

4.      Defendant DOJ is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. DOJ has possession, custody, and control of records to which Plaintiff seeks access.

5.      Defendant FBI is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. FBI has possession, custody, and control of records to which Plaintiff seeks access.

## Facts

6.      DOJ's Office of Justice Programs ("OJP") is the largest grantmaking component of DOJ.[1]

7.      Among OJP's activities is providing financial support through grant awards to organizations implementing crime control and prevention strategies, and crime victim services.[2]

8.      In April 2025, OJP abruptly and summarily terminated more than 350 multi-year cooperative agreements and grants awarding over $800 million in funding.[3]

9.      The terminated grants included those addressing violence reduction and intervention, policing and prosecution, victims' services, juvenile justice and child protection,

---

[1] *See* U.S. Dep't of Just., Org., Mission & Functions Manual, Office of Justice Programs, https://perma.cc/D8PK-T9KZ.

[2] *See* Amy L. Solomon, *I worked for this office under the DOJ. Trump's cuts will make you less safe.*, USA Today (May 2, 2025), https://perma.cc/HV4S-VM7L.

[3] *See, e.g.*, Abené Clayton, *'Like a slap in the face': Trump officials cut hundreds of millions to combat gun violence and opioid addiction*, The Guardian (Apr. 24, 2025), https://perma.cc/L5ZQ-K3SH; Sarah N. Lynch & Peter Eisler, *Exclusive: US Justice Dept grant cuts valued at $811 million, people and records say*, Reuters (Apr. 24, 2025), https://perma.cc/T8BJ-MQLN.

substance use and mental health treatment, corrections and reentry, justice system enhancements, research and evaluation, and other state- and local-level public safety functions.[4]

10.    Media outlets report Tarak Makecha—a staffer with the Department of Government Efficiency ("DOGE")—assumed roles at both DOJ and the FBI at the end of March 2025.[5]

11.    Mr. Makecha is reportedly listed as the author of a DOJ spreadsheet that detailed 365 OJP grants targeted for cancellation.[6]

12.    Mr. Makecha reportedly created this spreadsheet without consulting program managers at OJP.[7]

13.    To shed light on the Trump-Vance Administration's abrupt termination of grants to critical programs with proven track records of making communities safer, DFF filed several FOIA requests:

*OJP Grants & Contracts Termination Request*

14.    On May 9, 2025, DFF sent a FOIA request to DOJ's OJP and Office of Information Policy ("OIP") seeking the following:

> (1) All records that document grant terminations for any Office of Justice Programs ("OJP") grants or contracts terminated in April 2025, including but not limited to the grants included in FN[8].[8] This includes forms for Amendment of Solicitation/Modification of Contract, or other similar forms, terminating such grants, and any

---

[4] *See* Council on Crim. Justice, *DOJ Funding Update: A Deeper Look at the Cuts* (May 2025), https://perma.cc/R9MP-6WT5.

[5] *See* Shawn Musgrave, *DOGE Installs a Former Tesla Employe at the FBI*, The Intercept (April 18, 2025), https://perma.cc/DKN5-Y54W.

[6] *See* Sarah N. Lynch & Peter Eisler, *DOGE staffer advised on cuts to Justice Dept grants, document and source say*, Reuters (April 29, 2025), https://perma.cc/8D9K-YCMJ (reporting that Reuters reviewed a copy of the spreadsheet).

[7] *Id.*

[8] Reuters, *U.S. Department of Justice Grants Targeted for Termination*, Reuters (Apr. 24, 2025), https://perma.cc/399E-4E3C.

other notice of contract or grant terminations sent to provide notice of the terminations.

(2) All awards for any OJP contract or grant terminated on or around Tuesday, April 22, 2025.

(3) Documents sufficient to show OJP grants or contracts that were reinstated after first being terminated in April 2025. This would include forms for Amendment of Solicitation/Modification of Contract forms or other similar forms reinstating such grants or contracts.[9]

(4) Any list of contracts to be terminated delivered to the Deputy Assistant Attorney General for Operations and Management of OJP in April 2025, by any individual associated with the Department of Government Efficiency ("DOGE"), whether in electronic or hard copy form.

(5) Any directive, instruction, or guidance issued by Attorney General Bondi regarding the termination of approximately 365 grants awarded by the Office of Justice Programs ("OJP") in April 2025.[10]

15.    This request sought records from March 1, 2025, until the date of the search.

16.    On May 12, 2025, OJP acknowledged this request and assigned it tracking number 25-FOIA-00467. OJP informed DFF that it had assigned DFF's request to the "complex track" for processing and was extending the time limit to respond due to "unusual circumstances."

17.    On June 5, 2025, OIP acknowledged this request and assigned it tracking number FOIA-2025-04343. OIP informed DFF that it had assigned DFF's request to the "complex track" for processing and was extending the time limit to respond due to "unusual circumstances."

18.    On October 8, 2025, DFF followed up with OJP on the status of the processing of this request and received an automated reply.

---

[9] Julianne McShane, *DOJ Reverses Grant Cancellations for Crime Victim Support*, Mother Jones (Apr. 25, 2025), https://perma.cc/QVS9-QDM6.

[10] Attorney General Pam Bondi (@AGPamBondi), X (Apr. 23, 2025), https://perma.cc/S467-SY58; Sarah N. Lynch & Peter Eisler, *Exclusive: US Justice Dept Grant Cuts Valued at $811 Million, People and Records Say*, Reuters (Apr. 24, 2025), https://perma.cc/T8BJ-MQLN.

19.     DFF has received no subsequent communication regarding this FOIA request.

*DOJ Communications Request*

20.     On May 9, 2025, DFF sent a FOIA request to DOJ's OJP and OIP seeking the following:

> All electronic communications (including email messages, complete email chains, calendar invitations, or attachments thereto, as well as any text messages or messages sent on messaging platforms such as Microsoft Teams, WhatsApp, Signal, or GChat) of the DOJ officials listed below regarding (1) the termination of OJP grants, (2) new potential OJP grantees, (3) the reinstatement of any terminated OJP grants, or (4) the agency priorities that should be effectuated through OJP grants.
>
> Officials in the Office of Information Policy (OIP) Components (Offices of the Attorney General (OAG), Deputy Attorney General (ODAG), and Associate Attorney General (OAAG)):
> I.      Attorney General Pam Bondi
> II.     Deputy Attorney General Todd Blanche
> III.    Anyone serving as Associate Attorney General
> IV.     Chief of Staff Chad Mizelle
> V.      Anyone serving in the role of Director of Intergovernmental and Public Liaison
> VI.     Anyone who serves as the senior-most liaison from both OAG and ODAG to OJP
>
> OJP Officials:
> I.      Anyone serving as the Deputy Assistant Attorney General for Operations and Management, including Maureen Henneberg
> II.     Anyone serving as Director, Acting Director, or Deputy Director of the Bureau of Justice Assistance
> III.    Anyone serving as Director, Acting Director, Deputy Director, or Chief of Staff to the Director in the Office for Victims of Crime
> IV.     Anyone serving as the Director of the Office of Audit, Assessment, and Management, including Iyauta Green
> V.      Anyone serving as the Director or Acting Director of the Office for Civil Rights, including Kevonne Small
> VI.     Anyone serving as the Director or Acting Director of the Office of Communications, including Phillip Merkle

21.     This request sought records from January 20, 2025, until the date of the search.

22.     On May 12, 2025, OJP acknowledged this request and assigned it tracking number 25-FOIA-00468. OJP informed DFF that it had assigned DFF's request to the "complex track" for processing and was extending the time limit to respond due to "unusual circumstances."

23.     On June 5, 2025, OIP acknowledged this request and assigned it tracking number FOIA-2025-04344. OIP informed DFF that it had assigned DFF's request to the "complex track" for processing and was extending the time limit to respond due to "unusual circumstances."

24.     On October 8, 2025, DFF followed up with OJP on the status of the processing of this request, providing some narrowing and additional information. DFF received an automated reply.

25.     DFF has received no subsequent communication regarding this FOIA request.

*Tarak Makecha Communications (Defendants DOJ, FBI)*

26.     On May 9, 2025, DFF sent a FOIA request to DOJ's OJP, OIP, Justice Management Division ("JMD") and the FBI, seeking the following:

> All records reflecting <u>sent</u> communications (including email messages, complete email chains, calendar invitations, or attachments thereto, as well as any text messages or messages sent on messaging platforms such as Microsoft Teams, WhatsApp, Signal, or GChat) [] of Tarak Makecha regarding any DOJ or FBI agency business.

27.     This request sought records from March 1, 2025, until the date of the search.

28.     On May 12, 2025, OJP acknowledged this request and assigned it tracking number 25-FOIA-00470. OJP informed DFF that it had assigned DFF's request to the "complex track" for processing and was extending the time limit to respond due to "unusual circumstances."

29.     On May 13, 2025, JMD sought clarification of this request. DFF responded with additional search parameters narrowing and clarifying the request on May 28, 2025.

30.    On May 29, 2025, JMD formally acknowledged this request and assigned it tracking number 137461. JMD informed DFF that it had assigned DFF's request to the "complex track."

31.    On May 21, 2025, the FBI acknowledged this request and assigned it tracking number 1668401-000.

32.    On June 4, 2025, the FBI issued a determination in response to this request. The FBI "neither confirm[ed] nor den[ied] the existence" of the records DFF seeks, citing FOIA exemptions (b)(6) and (b)(7)(C). 5 U.S.C. §§ 552 (b)(6), (7)(C). The FBI stated DFF has "requested records on one or more third party individuals" and "[t]he mere acknowledgement of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy."

33.    On June 4, 2025, DFF appealed the FBI's response on the basis that Exemptions 6 and 7(C) protect personal privacy interests that are more than just *de minimis* and that Mr. Makecha's emails concerning DOJ and FBI business cannot plausibly implicate significant privacy interests where media outlets have repeatedly reported Mr. Makecha's placement at the FBI, among other agencies, as part of DOGE.[11] Alternatively, DFF argued that even if Mr. Makecha somehow did have a significant privacy interest in the mere existence of his emails concerning government business, the public interest in disclosure would outweigh that interest where media outlets have reported that Mr. Makecha was influential in executing the mass termination of grant

_____

[11] DFF's administrative appeal cited the following public reporting of Mr. Makecha's placement at the FBI via DOGE: Shawn Musgrave, *DOGE Installs a Former Tesla Employe at the FBI*, The Intercept (April 18, 2025), https://perma.cc/DKN5-Y54W; Anna Bower, *On DOGE, Directives, and DOJ*, Lawfare (April 27, 2025), https://perma.cc/YE69-M6GT.

funding for important public safety programs aiding crime victims and police across the country.[12] Exhibit A.

34.    On September 26, 2025, the Chief of DOJ's Administrative Appeals Staff sent a final response affirming the FBI's action on DFF's request.  Exhibit B.

35.    On October 8, 2025, DFF followed up with OJP on the status of the processing of this request, providing some clarifying information. DFF received an automated reply.

36.    DFF has received no subsequent communication regarding this request.

*Exhaustion of Administrative Remedies*

37.    Regarding DFF's FOIA request to the FBI (tracking number 1668401-000), the September 26, 2025, letter closing DFF's administrative appeal constituted a final determination regarding this request. This final agency determination is subject to judicial review. 5 U.S.C. § 552(a)(4)(B).

38.    Regarding DFF's remaining FOIA requests described herein, as of the date of this Complaint, Defendant has failed to notify DFF of determinations regarding these requests. Through Defendant's failure to respond within the time limits required by law, DFF has constructively exhausted administrative remedies on these requests. 5 U.S.C. § 552(a)(6)(C)(i).

**CLAIMS FOR RELIEF**

**Count 1 (Violation of FOIA by the FBI, 5 U.S.C. § 552)**

39.    Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

40.    Regarding DFF's FOIA Request to the FBI (tracking number 1668401-000), in

---

[12] DFF's administrative appeal cited the following public reporting of Mr. Makecha's role in terminating such grant funding: Sarah N. Lynch & Peter Eisler, *DOGE staffer advised on cuts to Justice Dept grants, document and source say*, Reuters (April 29, 2025), https://perma.cc/8D9K-YCMJ.

improperly withholding responsive records under FOIA exemptions 6 and 7(C), the FBI has violated its duties under 5 U.S.C. § 552, including but not limited to its duties to conduct a reasonable search for responsive records, to take reasonable steps to release all reasonably segregable nonexempt information, and to not withhold responsive records.

### Count 2 (Violation of FOIA by Defendants, 5 U.S.C. § 552)

41.    Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

42.    Regarding the remainder of DFF's FOIA requests described herein, by failing to respond to Plaintiff's requests with determinations within the statutorily mandated time period, Defendants have violated their duties under 5 U.S.C. § 552, including but not limited to, their duties to conduct a reasonable search for responsive records, to take reasonable steps to release all nonexempt information, and to not withhold responsive records.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1.    Declare unlawful Defendant FBI's withholding under 5 U.S.C. §§ 552 (b)(6) and (7)(C) of records responsive to FOIA request 1668401-000 seeking Tarak Makecha's communications as a federal employee;

2.    Order Defendants to conduct adequate searches for any and all responsive records to Plaintiff's FOIA requests using search methods reasonably calculated to lead to discovery of all responsive records;

3.    Order Defendants to produce any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

4.    Enjoin Defendants from continuing to withhold any and all non-exempt responsive

records;

5.    Award Plaintiff its costs, attorneys' fees, and other disbursements for this action;

and

6.    Grant any other relief this Court deems appropriate.


Dated: October 23, 2025                      Respectfully submitted,

                                            /s/ *Daniel A. McGrath*
                                            _____

                                            Daniel A. McGrath
                                            (D.C. Bar No. 1531723)
                                            Amy C. Vickery
                                            (*pro hac vice* forthcoming)
                                            Robin F. Thurston
                                            (D.C. Bar No. 7268942)
                                            Democracy Forward Foundation
                                            P.O. Box 34553
                                            Washington, D.C. 20043
                                            (202) 448-9090
                                            dmcgrath@democracyforward.org
                                            avickery@democracyforward.org
                                            rthurston@democracyforward.org

Exhibit A



June 4, 2025

**VIA Electronic Delivery**

Director, Office of Information Policy (OIP),
United States Department of Justice,
441 G Street, NW, 6th Floor,
Washington, D.C. 20530
Via online portal

**Re: Appeal of Response to FBI Freedom of Information Act Request FOIPA Request No.: 1668401-000**

Dear FOIA Appeals Officer:

We write to appeal the Federal Bureau of Investigation's ("FBI") response to our attached May 9, 2025 Freedom of Information Act ("FOIA") request, which sought all records reflecting communications sent by Tarak Makecha concerning Department of Justice or FBI business.  See below:

> All records reflecting sent communications (including email messages, complete email chains, calendar invitations, or attachments thereto, as well as any text messages or messages sent on messaging platforms such as Microsoft Teams, WhatsApp, Signal, or GChat) requests of Tarak Makecha regarding any DOJ or FBI agency business.

*See* attached request.

On June 3, 2025, the FBI responded to this request stating that, the

> FBI will neither confirm nor deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). The mere acknowledgement of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy.

*See* attached response.

This final response is flatly legally insufficient for several reasons.

*First*, the FBI's response did not provide an adequate administrative determination that would allow Democracy Forward Foundation ("DFF") to fulsomely appeal this response. FBI baldly asserted that "mere acknowledgement" of the records here could constitute an unwarranted invasion of privacy. No further reasoning or support was provided.

*Second*, FOIA Exemptions 6 and 7(C) protect personal privacy interests that are more than just *de minimis*. The existence of–and content of–Mr. Makecha's emails concerning DOJ and FBI business cannot plausibly implicate significant privacy interests.  Mr. Makecha has held influential positions across federal agencies as a part of the Department of Government Efficiency's ("DOGE") efforts to remake the executive branch.[1] And it has already been repeatedly publicly-reported that Mr. Makecha has been placed at the FBI in this role, among other agencies.[2] Further, DOJ itself has disclosed emails reflecting Mr. Makecha's use of a DOJ email account.[3]

*Third*, even *if* Mr. Makecha did somehow have a significant privacy interest in the mere existence of his emails concerning government business, the public interest in disclosure would outweigh that interest. Mr. Makecha was influential in executing a mass termination of grant funding for important public safety programs aiding crime victims and police across the country, which has received significant public attention.[4]

The FBI's response to this request is not legally sufficient. DFF requests prompt production of the responsive records.

We appreciate your assistance and look forward to your prompt response.

Sincerely,

*/s/ Skye Perryman*
Skye Perryman
President & CEO
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043

---

[1] https://www.nytimes.com/interactive/2025/02/27/us/politics/doge-staff-list.html
[2] https://theintercept.com/2025/04/18/doge-tesla-employee-justice-department-fbi/
[3] https://www.lawfaremedia.org/article/on-doge--directives--and-doj
[4] https://www.reuters.com/world/us/doge-staffer-advised-cuts-justice-dept-grants-document-source-say-2025-04-29/

# DEMOCRACY
# FORWARD ▶

May 9, 2025

**VIA Electronic Delivery**

Office of Justice Programs
FOIA Office
999 North Capitol Street, NE
Washington, D.C. 20531

Office of Information Policy
Initial Request Staff
441 G St, NW, 6th Floor
Washington, DC 20530

FOIA Contact
Justice Management Division
Department of Justice
Room 1111 RFK, 950 Pennsylvania Avenue,
N.W.
Washington, DC 20530-0001
JMDFOIA@usdoj.gov

Federal Bureau of Investigation
Attn: Initial Processing Operations Unit
Record/Information Dissemination Section
200 Constitution Drive
Winchester, VA 22602
FBI FOIA Portal

**Re: Freedom of Information Act Request**

Dear FOIA Officer:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, Democracy Forward
Foundation submits this request for records.

*Records Requested*
Democracy Forward Foundation ("DFF") requests that your agency produce the following
within twenty (20) business days:

> All records reflecting <u>sent</u> communications (including email messages, complete email
> chains, calendar invitations, or attachments thereto, as well as any text messages or
> messages sent on messaging platforms such as Microsoft Teams, WhatsApp, Signal, or
> GChat) requests of Tarak Makecha regarding any DOJ or FBI agency business.

Please provide all records from March 1, 2025, through the date the search is conducted.

*Scope of Search*

DF-MULTI-25-0760-0763

FOIA requires agencies to disclose information, with only limited exceptions for information that would harm an interest protected by a specific exemption or where disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A). In the event that any of the requested documents cannot be disclosed in their entirety, we request that you release any material that can be reasonably segregated. *See* 5 U.S.C. § 552(b). Should any documents or portions of documents be withheld, we further request that you state with specificity the description of the document to be withheld and the legal and factual grounds for withholding any documents or portions thereof in an index, as required by *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). Should any document include both disclosable and non-disclosable material that cannot reasonably be segregated, we request that you describe what proportion of the information in a document is non-disclosable and how that information is dispersed throughout the document. *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

If requested records are located in, or originated in, another agency, department, office, installation or bureau, please refer this request or any relevant portion of this request to the appropriate entity.

To the extent that the records are readily reproducible in an electronic format, we would prefer to receive the records in that format. However, if certain records are not available in that format, we are willing to accept the best available copy of each such record.

Please respond to this request in writing within 20 working days as required under 5 U.S.C. § 552(a)(6)(A)(i). If all of the requested documents are not available within that time period, we request that you provide us with all requested documents or portions of documents that are available within that time period. If all relevant records are not produced within that time period, we are entitled to a waiver of fees for searching and duplicating records under 5 U.S.C. § 552(a)(4)(A)(viii)(I).

**Request for Fee Waiver**

Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 39 C.F.R. § 265.9, DFF requests a waiver of all fees associated with processing records for this request. FOIA requires documents to be furnished to requesters at no fee or reduced fees "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A).

In determining whether a fee waiver is appropriate, courts consider whether a requester has a "demonstrated . . . ability to disseminate the requested information," *Cause of Action v. F.T.C.*, 799 F.3d 1108, 1116-17 (D.C. Cir. 2015), and whether the requester regularly disseminates records obtained through FOIA to "a reasonably broad audience of persons interested in the

subject" of its work. *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 814-15 (2d Cir. 1994). FOIA does not require a requester to describe exactly how it intends to disseminate the information requested, as that would require "pointless specificity"; all that is necessary is for a requester to adequately demonstrate its "ability to publicize disclosed information." *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1314 (D.C. Cir. 2003). In evaluating a fee waiver request, courts consider how a requester actually communicates information collected through FOIA to the public, including press releases or a website where documents received are made available, *see id.*, or whether the requester has a history of "contacts with any major news[] companies" that suggest an ability to disseminate materials of interest through the press. *Larson v. C.I.A.*, 843 F.2d 1481, 1483 (D.C. Cir. 1988) (upholding a denial of a fee waiver to a requester who had failed to identify his relationships with newspaper companies that could disseminate documents).

The requested waiver is in the public interest because providing the copy of the information sought primarily benefits the general public. Democracy Forward has a demonstrated ability to disseminate information of public interest requested through freedom of information statutes, and based upon responses to this request may assist in publicizing records received to contribute to the public's understanding important government actions–including the implementation of the administration's plans with respect to the Department of Justice's Office of Justice Programs and cost-cutting measures, which have already had a dramatic impact through the cancellation of hundreds of grants that were serving communities across the nation. Indeed, records received by Democracy Forward have previously formed the basis of news reports.[1]

---

[1] *See, e.g.*, Alexander Nazaryan, *Why did right-wing troll Charles C. Johnson meet with Commerce Secretary Wilbur Ross?*, Yahoo News (May 14, 2019),
https://news.yahoo.com/why-did-rightwing-troll-charles-c-johnson-want-to-meet-with-commerce-secretary-wilbur-ross-090000636.html; Derek Kravitz and Jack Gillum, *"Happy to Do It": Emails Show Current FAA Chief Coordinated With Ex-Lobbyist Colleagues on Policy*, ProPublica (Mar. 27, 2019),
https://www.propublica.org/article/dan-elwell-current-faa-chief-coordinated-with-ex-lobbyist-colleagues-on-policy; Hamid Aleaziz, *Emails Show US Border Officials Didn't Receive "Zero Tolerance" Guidance Until After the Policy Was Enacted*, Buzzfeed News (Feb. 28, 2019),
https://www.buzzfeednews.com/article/hamedaleaziz/zero-tolerance-policy-guidance-dhs-family-separation; Jonathan Cohn and Jeffrey Young, *Emails Show Trump Administration Was Told Obamacare Ad Cuts Could Hurt Enrollment*, Huffpost (Dec. 17, 2018),
https://www.huffingtonpost.com/entry/trump-verma-obamacare-advertising-cut_us_5c115061e4b084b082ff8dba; Madison Pauly, *When the Biggest Prison Company Complained About a California Sanctuary Law, ICE Listened*, Mother Jones (Dec. 7, 2018),
https://www.motherjones.com/politics/2018/12/geo-memo-private-prison-california-immigration/; Eliza Rellman, *'Just answer the question and kill this story': In internal emails, Heather Nauert criticized Rex Tillerson's refusal to deny reports that he called Trump a 'moron,'* Business Insider (Nov. 2, 2018),
https://www.businessinsider.com/heather-nauert-rex-tillerson-trump-moron-2018-11; Rebecca Klein, *Lawsuit Accuses Betsy DeVos And Her Deputies Of Being Motivated By Sexism*, HuffPost (Oct. 31, 2018),
https://m.huffpost.com/us/entry/us_5bd9ff6ee4b01abe6a1ad4a9; Nick Penzenstadler, *A year after Vegas shooting, ATF emails reveal blame, alarm over bump stocks*, USA Today (Oct. 1, 2018),
https://www.usatoday.com/story/news/2018/10/01/year-after-vegas-shooting-atf-emails-reveal-blame-alarm-over-bump-stocks/1432137002/; Jessica Kwong, *Ivanka Trump was more than complicit in Obama equal pay rollback-she had a hand in it, watchdog alleges*, Newsweek (Aug. 29, 2018),
https://www.newsweek.com/ivanka-trump-equal-pay-complicit-obama-1093833; Vera Bergengruen, *New Emails*

Democracy Forward is not filing this request to further any commercial interest, and any information obtained by Democracy Forward as a result of this request and disclosed will be disclosed at no cost.

If the request for a waiver is denied, we are willing to pay all reasonable fees incurred for searching and duplicating records in responding to this request, up to $50. If the costs of responding to this request should exceed that amount, please contact us before incurring costs exceeding that amount.

### Conclusion

If you need clarification as to the scope of the request, have any questions, or foresee any obstacles to releasing fully the requested records within 20 business days, please contact me as soon as possible at foia@democracyforward.org.

We appreciate your assistance and look forward to your prompt response.

Sincerely,

*/s/ Skye Perryman*
Skye Perryman
President & CEO
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043

---

*Show What Happens When The Pentagon Has To Scramble To Catch Up To Trump*, Buzzfeed News (July 25, 2018), https://www.buzzfeednews.com/article/veraberengruen/these-emails-show-what-happens-when-the-white-house-keeps; Erin Dooley, *Exclusive: Former for-profit college executive shaped Education Department policy that could benefit former employers: Documents*, ABC News (May 15, 2017), https://abcnews.go.com/US/exclusive-profit-college-executive-shaped-education-department-policy/story?id=55108981; Heidi Przybyla, *Notes, emails reveal Trump appointees' war to end HHS teen pregnancy program*, NBC News (Mar. 20, 2018), https://www.nbcnews.com/politics/politics-news/notes-emails-reveal-trump-appointees-war-end-hhs-teen-pregnancy-n857686; Dominic Holden, *Documents Show The Trump Administration Approved Bump Stocks Before It Opposed Them*, Buzzfeed News (Mar. 22, 2018), https://www.buzzfeednews.com/article/dominicholden/trump-administration-bump-stocks; Bernard Condon, *Trump Advisor Denies He Cheered End of Tunnel Funding Deal*, Associated Press (Feb. 13, 2018), *available at* https://www.usnews.com/news/business/articles/2018-02-13/trump-adviser-denies-he-cheered-end-of-tunnel-funding-deal; Celeste Katz, *Interior Department tapped wildfire preparedness funds for Ryan Zinke helicopter tour*, Newsweek (Dec. 29, 2017), https://www.newsweek.com/ryan-zinke-interior-department-helicopters-wildfires-757857.

**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

June 3, 2025

SKYE PERRYMAN
DEMOCRACY FORWARD FOUNDATION
POST OFFICE BOX 34553
WASHINGTON, DC 20043

FOIPA Request No.: 1668401-000
Subject: MAKECHA, TARAK
(Communication regarding DOJ or FBI
Agency Business on or after March 1, 2025)

Dear Skye Perryman:

This is in response to your Freedom of Information Act (FOIA) request to the FBI. Please see the paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

You have requested records on one or more third party individuals. Please be advised the FBI will neither confirm nor deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). The mere acknowledgement of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy. This is our standard response to such requests and should not be taken to mean that records do, or do not, exist.

Please be advised that you have not sufficiently demonstrated that the public's interest in disclosure (relating to the operations and activities of the government) outweigh the personal privacy interests of these individual(s). As a result, your request is closed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third-party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

If you submitted your request through the FBI's eFOIPA portal and you are receiving correspondence through standard mail, it was determined your request did not meet the eFOIPA terms of service.

Additional information about the FOIPA can be found at www.fbi.gov/foia. Should you have questions regarding your request, please feel free to contact foipaquestions@fbi.gov. Please reference the FOIPA Request number listed above in all correspondence concerning your request.

If you are not satisfied with the FBI's determination in response to this request, you may proceed under any or all of the following options:

- You may seek dispute resolution services through the FBI directly by emailing our FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

- You may contact the Office of Government Information Services (OGIS), who serves as the federal FOIA Ombudsman. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

- You may file an administrative appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. **Pursuant to 28 C.F.R. § 16.8(a), your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of this response to your request.** If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please reference the FOIPA Request Number listed above in your correspondence so it may be easily identified. If possible, please provide a copy of your original request and this response letter with your appeal.

Note: Utilizing the FBI's dispute resolution services or requesting mediation through OGIS does not toll the ninety (90) day limit to file a timely appeal with OIP.

Sincerely,

Record/Information Dissemination Section
Information Management Division

Enclosures

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request. Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information. Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).** Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)]. FBI responses are limited to those records subject to the requirements of the FOIPA. Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)     **Intelligence Records.** To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)]. This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.** The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)]. This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)     **Requests for Records about any Individual—Witness Security Program Records.** The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)]. This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)     **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches and Standard Search Policy.** The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions. The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does <u>not</u> include a search for reference entity records or administrative records of previous FOIPA requests.

         a.   *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation

         b.   *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)     **FBI Records.** Founded in 1908, the FBI carries out a dual law enforcement and national security mission. As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)     **Foreseeable Harm Standard.** As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)). The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)     **Requests for Criminal History Records or Rap Sheets.** The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet. These criminal history records are not the same as material in an investigative "FBI file." An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service. For a fee, individuals can request a copy of their Identity History Summary Check. Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov. For additional information, please contact CJIS directly at (304) 625-5590.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

# Exhibit B



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Skye Perryman, Esq.

Re:  Appeal No. A-2025-01877

Request No. 1668401-000

foia@democracyforward.org

**VIA: Online Portal - 09/26/2025**

Dear Skye Perryman:

You appealed from the action of the Federal Bureau of Investigation (FBI) on your Freedom of Information Act (FOIA) request for access to "[a]ll records reflecting sent communications [ ] requests of Tarak Makecha regarding any DOJ or FBI agency business" from March 1, 2025 to the present.  I note that your appeal concerns the FBI's refusal to confirm or deny the existence of responsive records.

After carefully considering your appeal, I am affirming the FBI's action on your request.  The FOIA provides for disclosure of many agency records.  At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities.  The FBI properly refused to confirm or deny the existence of records responsive to your request.  Confirming or denying the existence of such records, including law enforcement records, concerning a third-party individual would constitute a clearly unwarranted invasion of personal privacy, and could reasonably be expected to constitute an unwarranted invasion of personal privacy.  See 5 U.S.C. § 552(b)(6), (7)(C).  Additionally, it is reasonably foreseeable that confirming or denying the existence of such records would harm the interests protected by these exemptions.  See, e.g., People for the Ethical Treatment of Animals v. NIH, 745 F.3d 535, 544 (D.C. Cir. 2014) (upholding agency's refusal to confirm or deny existence of records that would confirm whether investigation of third party had occurred); see also Antonelli v. FBI, 721 F.2d 615, 618 (7th Cir. 1983) (finding that confirming whether third party has been the subject of investigation would likely "constitute an invasion of that person's privacy that implicates the protections of Exemptions 6 and 7").

Please be advised that this Office's decision was made only after a full review of this matter.  Your appeal was assigned to an attorney with this Office who thoroughly reviewed and

analyzed your appeal, your underlying request, and the action of the FBI in response to your request.

   If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

   For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office and speak with the undersigned agency official by calling 202-514-3642.

Sincerely.

X_____
Christina Troiani
Chief, Administrative Appeals Staff