UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | Civil Action No. 25-3755 (CJN) |

**DEFENDANTS' MOTION TO STRIKE IN PART**

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(f), Defendants the Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI") (collectively "Defendants"), by and through undersigned counsel, respectfully move to strike in part the Complaint (Compl., ECF No. 1) in this action as it contains an allegation that is immaterial to any claim for relief under the Freedom of Information Act ("FOIA"). Specifically, and as addressed more fully below, the Complaint contains a "Facts" section which contains information unrelated to a request for relief under FOIA. Paragraph 13 of the Complaint is immaterial to pleading a claim under FOIA. Because motions to strike under Rule 12(f) are filed prior to responding to the offending pleading, this motion accompanies an Answer for all other parts of the Complaint.

**BACKGROUND**

On May 9, 2025, Plaintiff sent a FOIA request to DOJ's Office of Justice Programs "OJP" and Office of Information Policy ("OIP") seeking "[a]ll records that document grant terminations for any Office of Justice Programs ("OJP") grants or contracts terminated in April 2025…" Compl. ¶ 14. A second request dated May 9, 2025 was sent to DOJ's OJP and OIP seeking "[a]ll electronic communications (including email messages, complete email chains, calendar

invitations, or attachments thereto, as well as any text messages or messages sent on messaging platforms such as Microsoft Teams, WhatsApp, Signal, or GChat)" of listed DOJ officials "regarding (1) the termination of OJP grants, (2) new potential OJP grantees, (3) the reinstatement of any terminated OJP grants, or (4) the agency priorities that should be effectuated through OJP grants." Compl. ¶ 20. A third request was sent on May 9, 2025 to the DOJ's OJP, OIP, Justice Management Division ("JMD") and the FBI requesting "[a]ll records reflecting sent communications (including email messages, complete email chains, calendar invitations, or attachments thereto, as well as any text messages or messages sent on messaging platforms such as Microsoft Teams, WhatsApp, Signal, or GChat) [] of Tarak Makecha regarding any DOJ or FBI agency business." Compl. ¶ 26.

## LEGAL STANDARD

"A court may strike "any redundant, immaterial, impertinent or scandalous matter." *D.C. Int'l Charter Sch. v. Lemus*, 660 F. Supp. 3d 1, 19 (D.D.C. 2023) (citing Fed. R. Civ. P. 12(f)). Rule 12(f) is "the Court's means of enforcing Rule 8, which requires, among other things, that a pleading 'contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief' and that '[e]ach allegation . . . be simple, concise, and direct.'" *Khan v. Dep't of Homeland Sec.*, 22-cv-2480 (TJK), 2023 WL 6215359, at *9 (D.D.C. Sept. 25, 2023). "When a trial court concludes that an initial complaint fails to satisfy Rule 8, an appropriate remedy is to strike the complaint under Rule 12(f) and to provide the plaintiff with an opportunity to file an amended complaint that complies with the Rules." *Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 69 (D.D.C. 2015). Although motions to strike are generally disfavored, "if allegations in a complaint are irrelevant and prejudicial to the defendant, a motion to strike will be granted." *Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 457, 457 (D.D.C. 1994).

## ARGUMENT

"[A] typical [FOIA] complaint need allege only that the plaintiff filed a FOIA request, exhausted administrative remedies or waited the required period of time, and did not receive a satisfactory response from the agency." *ForestWatch v. U.S. Forest Serv.,* 775 F. Supp. 3d 353, 371 (D.D.C. 2025). However, in this case, Plaintiff alleges immaterial or impertinent facts unrelated to these two Defendants' handling of Plaintiff's FOIA requests and fails to cite to any references. *See* Compl. ¶ 13.

Plaintiff's complaint contains immaterial matter stating that Plaintiff filed FOIA requests "[t]o shed light on the Trump-Vance Administration's abrupt termination of grants to critical programs with proven track records of making communities safer, DFF filed several FOIA requests." Compl. ¶ 13. Plaintiff's complaint thereafter describes its various FOIA requests.

Nothing in this paragraph has any bearing on the Plaintiff's FOIA requests or the records it seeks. This paragraph is merely Plaintiff's characterization of events and contains no references to news statements or factual reports. It is thus immaterial to pleading a claim under FOIA and also improperly speaks to Plaintiff's motive for filing the requests. *See Montgomery v. Internal Revenue Serv.*, 292 F. Supp. 3d 391, 396 (D.D.C. 2018) ("a requester's motive is irrelevant to the ultimate inquiry in a FOIA case: whether the agency properly withheld records."); *Vazquez v. U.S. Dep't of Just.*, 887 F. Supp. 2d 114, 118 (D.D.C. 2012) (a plaintiff's "personal reasons for wanting the requested records . . . are irrelevant . . . [and] immaterial to the FOIA analysis."). Furthermore, FOIA complaints are not press releases on behalf of advocacy organizations, and it prejudices the defendant to have to respond to allegations that are immaterial. "Immaterial and impertinent matter is matter that is not materially relevant to any pleaded claim for relief or defense. More specifically, immaterial allegations are those unnecessary to establish the pleader's position in the case, or those which, if established at trial, would not entitle the pleader to, or aid her to obtain,

the relief demanded." *Williams v. Chu*, No. 7-cv-901 (RBW), 2010 WL 11575517, at *2 (D.D.C. Sept. 30, 2010) (cleaned up).  The material included in paragraph 13 of the Complaint is irrelevant to any pleaded claim for relief under FOIA, rendering it immaterial within the meaning of Rule 12(f).  The material included in paragraph 13 of the Complaint is also prejudicial to Defendants. Plaintiff's wholly unsupported claim that "abrupt termination of grants to critical programs with proven track records of making communities safer" is offered without any evidence for the purpose of characterizing an alleged action by Defendants in a negative light.   In essence, paragraph 13 consists of an editorialized statement irrelevant to any claim under the FOIA, and littering the public domain with such unsupported claims and requiring Defendants to respond causes prejudice to Defendants.  Hence, the Court should grant the motion to strike and require that Plaintiff file an amended complaint without the superfluous and impertinent allegation.

By email dated January 5, 2026, and pursuant to Local Rule 7(m), undersigned counsel for Defendants contacted Plaintiff's counsel to seek Plaintiff's position on the relief requested in this motion.  In that email, counsel requested that Plaintiff voluntarily file an amended complaint with paragraph 13 omitted.  The parties also had a telephone conversation on January 7, 2026, regarding the relief requested in this motion but the parties were unable to come to a resolution and the motion will be opposed.

## CONCLUSION

For the above reasons, the Court should strike the immaterial or impertinent allegations of the Complaint, and order Plaintiff to re-file in accordance with the requirements of Rule 8.

Dated: January 7, 2025

Respectfully submitted,

STANLEY WOODWARD, Jr.
Associate Attorney General

SEAN GLENDENING
Director, Office of Information Policy

JEANINE FERRIS PIRRO
United States Attorney

By:       */s/ Thomas W. Duffey*
     THOMAS W. DUFFEY
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202) 252-2510
     Thomas.duffey@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | Civil Action No. 25-3755 (CJN) |

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendants' motion to strike Paragraph 13 of the Complaint, and the entire record herein, it is hereby

ORDERED that Defendants' motion is GRANTED, and it is further

ORDERED that Plaintiff's Paragraph 13 of the Complaint is stricken under Federal Rule of Civil Procedure 12(f), and it is further

ORDERED that Plaintiff shall re-file an amended Complaint in accordance with the requirements of Rule 8 and without the immaterial or impertinent allegations within 30 days of this Order.

SO ORDERED:

_____     _____
Date                                               CARL J. NICHOLS
                                                          United States District Judge